UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA JABRAYAN,

    Plaintiff,

v.                                              Case No. 8:24-cv-1304-JSM-SPF

HOME DEPOT U.S.A., INC.; and
WENDY MACRINI

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiff's Corrected Supplemental Motion to Compel Better Discovery Responses from Defendant, Home Depot U.S.A., Inc. ("Home Depot") (Doc. 16). Home Depot filed a response in opposition to the motion (Doc. 22). Upon consideration, Plaintiff's motion to compel is DENIED.

Plaintiff asks the Court to compel Home Depot to provide more complete responses to Interrogatory Nos. 11–13; provide documents responsive to Requests for Production Nos. 6, 7, 9, 11, 12, and 17–21; and grant Plaintiff attorneys' fees and costs incurred in bringing her motion to compel (Doc. 16 at 12). On or about January 13, 2024, Plaintiff served Home Depot with her First Request for Production of Documents and First Set of Interrogatories along with her Complaint, which was originally filed in state court (Doc. 22-1). Home Depot served its discovery responses on February 27, 2024 (Doc. 22-2). On May 29, 2024, Home Depot removed this action to federal court (Doc. 1). As explained below, the Federal Rules of Civil Procedure do not authorize a motion to compel directed to outstanding discovery served under the procedural rules of state court.

28 U.S.C. § 1450 provides, in relevant part, that "[w]henever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by this district court." While this may appear to support Plaintiff's motion, federal courts have generally declined to treat outstanding discovery requests as "proceedings" as mentioned in § 1450. *See, e.g.*, *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) ("An abundance of case law substantiates the notion such discovery requests do not count as 'proceedings' pursuant to 28 U.S.C. § 1450, and are thus nullified upon removal to Federal court."); *see also Wilson ex. rel. Est. of Wilson v. Gen. Tavern Corp.*, No. 05-81128 CIV RYSKAMP, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006) ("Discovery served in state court becomes null and ineffective upon removal.").

Further, the "removal of this action to federal court requires compliance with the Federal Rules of Civil Procedure." *Wilson*, 2006 WL 290490, at *1. The Federal Rules of Civil Procedure now govern discovery in this matter, and those rules prohibit discovery before the parties' Rule 26(f) case management conference, which apparently occurred on July 3, 2024 (Doc. 5 at ¶ 1). Fed R. Civ. P. 26(d)(1). While there is a limited exception for early requests for production, the earliest a party may serve requests for production is more than twenty-one days after the summons and complaint are served on a party. Fed. R. Civ. P. 26(d)(2). Here, Plaintiff served her discovery requests with the Complaint. This was, of course, prior to both the Rule 26(f) conference and the expiration of the twenty-one day period referenced in Rule 26(d)(2). As a result, Plaintiff's discovery requests were not authorized by the Federal Rules of Civil Procedure.

In short, Plaintiff is not entitled to an order compelling Home Depot to respond to her discovery requests. In *Schutz v. Oliveras*, the court further expanded on the rationale preventing this Court from enforcing pre-removal discovery:

> In this case, unlike *Dririte* and *Wilson*, the parties have conducted their Rule 26(f) case management conference and they are now within the discovery period set forth in the Court's Case Management and Scheduling Order. Nonetheless, Plaintiff is not entitled to an order compelling Defendant to respond to discovery requests served prior to removal. Rule 37(a)(3) permits a party to enforce discovery propounded under the Federal Rules of Civil Procedure. Here, Plaintiff's discovery requests were not propounded under either Rule 33 or Rule 34 and instead were propounded under the Florida Rules of Civil Procedure. The Federal Rules of Civil Procedure do not provide this Court with authority to compel a party to respond to discovery served under state procedural rules before removal.

No. 8:19-cv-1763-T-30JSS, 2019 WL 13246972, at *2 (M.D. Fla. Oct. 15, 2019) (docket citations omitted).

Accordingly, it is hereby **ORDERED**:

Plaintiff's Corrected Supplemental Motion to Compel Better Discovery Responses from Defendant, Home Depot U.S.A., Inc. (Doc. 16) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 23, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE